IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JULIO CHRISTIAN,                    :
                                    :
         Petitioner                 :
                                    :
    v.                              :   CIVIL NO. 3:CV-14-79
                                    :
COMMONWEALTH OF PENNSYLVANIA,       :   (Judge Conaboy)
                                    :                        **FILED**
         Respondent                 :                        **SCRANTON**

                                                        APR 21 2014

_____

**MEMORANDUM**
**Background**                                  PER_____

                                                DEPUTY CLERK
_____

     Julio Christian, an inmate presently confined at the

Rockview State Correctional Institution, Bellefonte,

Pennsylvania (SCI-Rockview), filed this pro se action seeking

federal habeas corpus relief pursuant to 28 U.S.C. § 2241.

     By Memorandum and Order dated January 28, 2014, a second §

2241 action filed by Petitioner, Christian v. Commonwealth,

Civil No. 3:CV-14-126 was consolidated into this matter pursuant

to Federal Rule of Civil Procedure 42(a).

     Named as Respondent is the Commonwealth of Pennsylvania.[1]

The initially filed Petition does not set forth any facts or

claims of entitlement to federal habeas corpus relief.  Rather,

_____

[1]   The only properly named Respondent in a federal habeas
corpus action is Petitioner's custodial official, in this case, the
SCI-Rockview Superintendent.  See  28 U.S.C. § 2242.

1

Petitioner simply voices his intention to seek habeas corpus relief under § 2241. Christian's second action which is captioned as "Writ of Habeas Corpus" consists of nine (9) numbered paragraphs and vaguely indicated only that he was challenging the legality of a state court proceeding.

On April 17, 2014, Petitioner filed two notices, the first was captioned "Habeas Corpus Action has been Withdrawn" (Doc. 10) and the second as "Habeas Petition filed in Error." Doc. 11. Petitioner's notices indicate that this habeas corpus action was filed in mistake and should be deemed withdrawn. Christian explains only that it was intention to pursue a civil rights action.

Under the standards announced in United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000),[2] a pro se litigant is allowed opportunity to voluntarily withdraw a federal habeas corpus petition.

Based upon an application of the standards announced in Miller and Mason to Christian's announced intention to withdraw his instant petition, his request for voluntary dismissal will be granted. The dismissal will be entered without prejudice.

---

[2] Miller and Mason sought to prevent pro se litigants from unintentionally defaulting federal habeas corpus claims through failure to assert them in a single petition.

2

An appropriate Order will issue.[3]

RICHARD P. CONABOY
United States District Judge

DATED: APRIL 21, 2014

---

[3] The Clerk of Court will be directed to provide Petitioner with a copy of this Court's standard civil rights form complaint and an _in forma_ _pauperis_ application for Petitioner's use if he wishes to pursue a civil rights complaint against any state official[s].

3